UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELIA ASIEDU,<br><br>**Plaintiff,**<br><br>v.<br><br>NEW JERSEY TRANSIT RAIL OPERATIONS, INC.,<br><br>**Defendant.** | Civ. No. 2:21-CV-10911 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Plaintiff Shelia Asiedu brings this negligence action against Defendant New Jersey Transit Rail Operations, Inc. ("NJT") pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 ("FELA"). Before the Court is Defendant's motion for summary judgment ("Motion") pursuant to Federal Rule of Civil Procedure 56. ECF No. 32. For the reasons set forth below, Defendant's Motion is **GRANTED**.

I.    **BACKGROUND**[1]

Plaintiff was hired by Defendant NJT in March 2012, where she started as an assistant conductor. Pl.'s Statement of Material Facts ("PSOMF") ¶ 1, ECF No. 38. On November 24, 2019, Plaintiff was assigned as the rear brakeman on NJT's train 1752. PSOMF ¶ 2. That morning, the train reached the final stop of the line, Hoboken Station. PSOMF ¶¶ 4, 6, 9. After the passengers deboarded the train, Plaintiff applied a mechanical handbrake to immobilize the train. PSOMF ¶ 11. After applying the handbrake and walking through the train to confirm that no passengers were still onboard, Plaintiff informed the conductor that she was going to exit the train onto the platform. PSOMF ¶¶ 12, 13. Plaintiff exited the train by descending three stairs to the platform. PSOMF ¶ 16. The last step down from the train to the platform is "a little high[.]" Bossert Dep. 16:1-2. As she deboarded the train,[2] Plaintiff asserts that she stepped onto the platform with her right foot, and thereafter placed her left foot onto the

---

[1] The facts in this section are taken from the parties' statements of material facts. Favorable inferences are given to the non-moving party.

[2] The parties spend much of their submissions discussing whether Plaintiff was using the handrails or holding items as she deboarded the train. These facts are immaterial at this juncture because, as discussed *infra*, an employee's contributory negligence does not bar recovery under FELA. 45 U.S.C. § 53; *CONRAIL v. Gottshall*, 512 U.S. 532, 543-44 (1994). If the proofs show that NJT's negligence played *any* part in Plaintiff's injuries, the FELA claim must be submitted to the jury for its determination. *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506-07 (1957).

platform as well. PSOMF ¶¶ 20, 21; Def.'s Statement of Material Facts ("DSOMF") ¶¶ 20-22, ECF No. 32-1. When her left foot made contact, Plaintiff asserts that the platform crumbled and gave way under her foot. PSOMF ¶¶ 21, 22. Plaintiff felt a sinking type of movement underneath her left foot, and her left leg then fell into the gap between the platform and the train. PSOMF ¶¶ 22, 24; DSOMF ¶¶ 22, 24. Plaintiff testified that she struck her left knee and experienced pain from her left knee up to her left hip. PSOMF ¶ 25. The two other crewmembers were still on the train when Plaintiff fell, but soon after exited the train through the same vestibule and helped her to her feet. PSOMF ¶ 26, 28; DSOMF ¶¶ 25-26.

Plaintiff met with NJT Senior Road Foreman, Joseph Chomicz, upstairs in the Control Center of the station to report the accident and her injuries. PSOMF ¶¶ 29, 30. Mr. Chomicz then went down to the incident area and took photographs of the platform where Plaintiff fell. PSOMF ¶ 30; DSOMF ¶ 35. Photographs submitted by Dr. Carl Berkowitz, Plaintiff's liability expert, show two divots in the edge of the platform. Def.'s Ex. U at 1, 9-10, 12.

Plaintiff brought this action on May 7, 2021, Compl., ECF No. 1, alleging that NJT violated FELA by failing to: (1) inspect the subject platform; (2) discover the unsafe conditions on the subject platform; (3) properly maintain the subject platform; (4) properly repair the subject platform; (5) use tape, barricades, cones, or other devices to prevent Plaintiff from stepping onto the platform where it was defective; and (6) warn Plaintiff of these unsafe conditions. Compl. ¶ 15. Plaintiff also argues that NJT violated FELA by permitting and requiring Plaintiff's train to load and unload on track 13 of the Hoboken Terminal despite the unsafe conditions of the platform. *Id.*

Defendant filed its Motion and corresponding moving brief ("Mov. Br.") on February 10, 2023, ECF No. 32, and Plaintiff filed its brief in opposition ("Opp. Br.") on March 24, 2023, ECF No. 38. Defendant filed a reply ("Reply Br.") on March 31, 2023. ECF No. 40.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the Court construes all facts and inferences in the light most favorable to the non-moving party. *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the initial burden of showing the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact—that is, the "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). Once the moving party meets this burden, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial and do more than simply show that there is some metaphysical doubt as to the material facts." *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-moving party must present actual evidence that creates a

genuine issue for trial—reliance on unsupported assertions, speculation, or conclusory allegations is insufficient to defeat a motion for summary judgment. *Solomon v. Soc'y of Auto. Engineers*, 41 F. App'x 585, 586 (3d Cir. 2002) (citing *Celotex*, 477 U.S. at 324); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (non-moving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"). Furthermore, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A fact is 'material' . . . if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson*, 477 U.S. at 248 (1986)). "A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

### III. DISCUSSION

Plaintiff's claim for relief arises under the FELA, 45 U.S.C. § 51, *et seq.*, which imposes liability on railroads for injuries to their employees. The relevant provision of the statute provides that railroads will be held liable to their employees for injuries

> resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engine, machinery, track, roadbed, works, boats, wharves or other equipment.

45 U.S.C. § 51. FELA was enacted against the backdrop of "exceptionally hazardous" working conditions for railroad employees that resulted in the "death or maiming of thousands of workers every year." *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 691 (2011) (internal quotation marks omitted) (quoting *CONRAIL v. Gottshall*, 512 U.S. 532, 542 (1994)). The Supreme Court has noted the deliberately broad and remedial purpose of the statute, stating that the "cost of human injury, an inescapable expense of railroading, must be borne by someone, and the FELA seeks to adjust that expense equitably between the worker and the carrier." *Sinkler v. Mo. Pac. R.R. CO.*, 356 U.S. 326, 329 (1958). Notably, under the FELA, a railroad will be held liable if its "negligence played any part, even the slightest, in producing the injury or death for which damages are sought," well below common law negligence standards. *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957); *Hines v. Consol. Rail Corp.*, 926 F.2d 262, 267 (3d Cir.1991). Under the FELA, an employee's contributory negligence will not bar him or her from obtaining relief and may only be considered to diminish the employee's recovery of damages in proportion to his or her fault. 45 U.S.C. § 53; *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 166 (2007).

In the Third Circuit, an employee bringing a cause of action under the FELA must establish that (i) the defendant is a common carrier by railroad engaged in interstate commerce, (ii) the plaintiff was employed by the defendant and was assigned to perform duties that furthered that interstate commerce, (iii) the plaintiff's injuries were sustained while employed by the common carrier, and (iv) the plaintiff's injuries resulted from the defendant's negligence. *Felton v. Southeastern Pennsylvania Transp. Auth.*, 952 F.2d 59, 62 (3d Cir. 1991). The parties only dispute the fourth element—whether Plaintiff's injuries resulted from NJT's negligence. "Although the standard for causation is lessened under FELA, to establish a *prima facie* claim a 'Plaintiff must prove the elements of a common law negligence action: duty, breach, foreseeability, and causation.'" *Tramontano v. New Jersey Transit Rail Operations, Inc.*, No. CV145706, 2023 WL 3248238, at *19 (D.N.J. May 4, 2023) (citation omitted). In its Motion, NJT only disputes the elements of foreseeability and causation. Specifically, NJT argues: (1) that NJT did not have actual or constructive notice that the edge of the platform was defective prior to Plaintiff's injury, Mov. Br. 13; and (2) that the edge of the platform was not the direct or proximate cause of Plaintiff's injury, Mov. Br. 16.

The Court need only address the parties' arguments concerning causation to conclude that NJT is entitled to summary judgment on Plaintiff's FELA claim.

### A. Causation

NJT argues that Plaintiff fails to establish that the train platform was the direct or proximate cause of her injuries. Specifically, NJT asserts that (1) Plaintiff's liability expert failed to include any causal analysis demonstrating the required element of direct or proximate causation; and (2) Plaintiff fell out of the vestibule without making any contact with the platform. Mov. Br. 16-19; Reply. Br.

As an initial matter, NJT's assertion that Plaintiff's liability expert failed to include analysis regarding causation in his report is immaterial, as Plaintiff's injuries logically flow from her fall. *Cf. Bushman v. Halm*, 798 F.2d 651, 659-60 (3d Cir. 1986) (holding that the district court, applying New Jersey law in an FTCA case, erred in requiring expert testimony to prove causation where injuries suffered "logically flow[ed]" from the accident).

However, regarding NJT's second argument, NJT relies solely on the surveillance video submitted in evidence to assert that Plaintiff's allegations of notice, failed inspections, and poor maintenance of the platform are not relevant the case because the video makes clear that the platform did not cause Plaintiff's fall. Reply Br.; Def.'s Ex. K. Plaintiff asserts that, as noted by her expert Dr. Berkowitz,[3] the video footage merely shows a distant figure falling between the train and platform. Opp. Br. at 20, 23.

The Court has closely reviewed the submitted surveillance video frame-by-frame and concludes that there is no genuine issue of material fact as to whether Plaintiff placed her foot

---

[3] Plaintiff does not cite to where this opinion is located in Dr. Berkowitz's expert report.

4

on the platform before she fell. Plaintiff testified that she first placed her right foot on the platform and then contacted the platform with her left foot before the platform crumbled beneath her foot, causing her to fall. Asiedu Dep. 24:20-26:14. A close review of the video indicates that neither of Plaintiff's feet appear on the platform. Def.'s Ex. K starting at 7:31:33. Plaintiff testified that she was wearing black boots. Asiedu Dep. 15:6-10. As such, the boots should contrast with the yellow platform in the video, but no shadow or outline of Plaintiff's foot appears to be on or over the platform throughout Plaintiff's fall. Plaintiff's lack of contact with the platform is more pronounced when contrasted with the passenger who deboards the train from the same vestibule about two minutes before Plaintiff. Def.'s Ex. K at 7:29:17. His white shoes are clearly visible as he steps on to the platform.

Further, NJT argues that if Plaintiff did contact the platform with her feet and simultaneously felt crumbling beneath her, she would have fallen vertically down into the gap between the train and the platform. Mov. Br. 18. Instead, NJT notes that in the video, Plaintiff "trip[s] over herself" and "[falls] forward out of the vestibule[.]" *Id.* Upon review, the Court finds that the video shows Plaintiff's upper body emerging first from the vestibule—at a forward angle—before her lower body, suggesting that she was already falling before she came out of the train. Plaintiff descended three stairs to exit the train on the platform, PSOMF ¶ 16, and the last step down from the train to the platform is "a little high[,]" Bossert Dep. 16:1-2. As such, the structure of the train vestibule is consistent with having caused Plaintiff to fall forward at the angle in the video. If Plaintiff's fall was caused by her left foot slipping from a crumbled platform, then her feet would have emerged from the vestibule first. Instead, her lower body only appears out of the vestibule after she has fallen forward. *See* Def.'s Ex. K at 7:31:35.

The Court is satisfied that upon watching the surveillance video, a reasonable jury could not find that the condition of the Track 13 platform played any part in causing Plaintiff's injuries.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is **GRANTED**. An appropriate Order shall follow.

/s/ William J. Martini

WILLIAM J. MARTINI, U.S.D.J.

Date: August 10, 2023

5